**Jeffrey BECKER, Trustee, Titus Family Preservation Trust, Plaintiff,**

v.

**John C. DOUGHERTY, and Paul Borock, U.S. Trustee, and all Other Unknown Claimants, individually, jointly and severally, Defendants.**

**No. 91–CV–75809–DT.**

United States District Court, E.D. Michigan, S.D.

Jan. 29, 1993.

Robert R. Shuman, Bloomfield Hills, MI, for plaintiff.

John C. Dougherty, Detroit, MI, for defendants.

## ORDER

ZATKOFF, District Judge.

On June 12, 1992, this Court ordered plaintiff to appear on June 29, 1992, to show cause why summary judgment should not be granted in favor of defendants.[1] Although plaintiff appeared on that date, he failed to bring documents necessary to defeat summary judgment.[2] Nevertheless, this Court granted plaintiff an additional

---

1. This Court questioned, among other things, whether Becker was in fact a trustee of the Titus Family Preservation Trust, and thus had standing to bring the lawsuit.

2. Plaintiff testified at the hearing that he was indeed a trustee. However, he was unable to produce any documents supporting his claims.

ten days from the hearing to produce any credible evidence to support his claimed status as trustee. By July 31, 1992, all plaintiff had provided to the Court was a document entitled Declaration of Trust which, rather than supporting his position, further demonstrated that this lawsuit was without basis in law or fact.[3] Thus, on July 31, 1992, this Court granted defendants' motion for summary judgment, and further granted defendants their attorneys fees under Fed.R.Civ.P. 11 for having to defend against a frivolous suit. Defendants have since filed an itemization of costs and expenses pursuant to this Court's Order, and plaintiff has filed objections thereto. This matter is now ripe for review.

The Sixth Circuit has consistently held that the principal goal of Rule 11 sanctions is deterrence. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir.1992). Accordingly, "[c]ourts should impose the least severe sanction that is likely to deter." *Id.* (quoting *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1230 (6th Cir.1989)). In making this determination, this Court must consider the nature of the violation committed; the circumstances in which it was committed; the financial state of the individual to be sanctioned; those sanctioning measures that would suffice to deter the individual from similar violations in the future; and the circumstances of the party or parties who may have been adversely affected by the violation. *Id.* at 420.

Regarding the nature and circumstances of the violations, this case, like the eighteen others that were at one time pending before this Court, was an offshoot of a bankruptcy proceeding involving William Eugene Dalby. Together with Mr. Dalby and others, plaintiff engaged in an elaborate scheme to defraud Mr. Dalby's creditors. To this end, numerous trusts were created among which various pieces of realty comprising the debtor's estate were transferred. Consequently, the bankruptcy trustee's attempts to satisfy his fiduciary duties were met with lawsuit upon lawsuit as plaintiff and his confederates pursued one frivolous claim after another. Plaintiff's actions, therefore, go to the very core of Rule 11; to prevent litigation interposed for the purpose of harassment, unnecessary delay, or to needlessly increase cost. This factor thus weighs in favor of imposing the harshest of monetary sanctions against plaintiff.[4]

Plaintiff's financial status is difficult to ascertain from the record before this Court. On the one hand, plaintiff has applied for *in forma pauperis* status in attempting to prosecute appeals from this Court. This necessitated filing an affidavit stating that he was unable to pay the costs or fees associated with taking an appeal. Several factors would indicate, however, that plaintiff is being less than forthright about his true net worth. First, plaintiff had sufficient money to retain counsel on his behalf.[5] Moreover, an individual who can spend nearly three years litigating frivolous claims would appear to be a man with sufficient time and resources to be held accountable for his actions.

Those measures that would deter an individual from further abuse of the judicial process is the most vital consideration in meting out sanctions. As previously noted, non-monetary sanctions would be inappropriate in this case inasmuch as plaintiff is not an attorney. The issue that remains, therefore, is what is the least severe monetary sanction that will likely discourage plaintiff from engaging in future Rule 11 violations. *Orlett*, 954 F.2d at

---

3. For example, plaintiff was not named as a trustee in the Declaration of Trust, nor was he able to produce a single document bearing his name which related to the trust.

4. Non-monetary sanctions, such as a reprimand, censure, or referral to an appropriate disciplinary committee should also be considered by a court. *Orlett*, 954 F.2d at 420. Inasmuch as plaintiff is not an attorney, however, and given the extreme nature of plaintiff's violations, this Court finds that non-monetary sanctions would have little or no deterrence value.

5. Plaintiff retained Robert Shuman of Beier Howlett, P.C., to file objections to defendant's itemization of costs and expenses.

419. This Court holds that, in light of the discussion above, an award of defendants' fees and expenses incurred in having to defend this action is in order. Plaintiff is hereby ORDERED to pay $10,712.50 to defendants.[6]

Under 28 U.S.C. § 1915(a), "[a]n appeal may not be taken *in forma pauperis* if the [district] court certifies in writing that it is not taken in good faith." Good faith has been interpreted by the Supreme Court to mean "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). This Court finds that an appeal of this Order would be frivolous. Accordingly, it could not be taken in good faith, and, therefore, may not be taken *in forma pauperis*.

IT IS SO ORDERED.

---

6. It is important to note that this Court is not using Rule 11 as a fee-shifting device in making this award. Rather, it is the holding of this Court that the $10,712.50 is the least severe sanction likely to deter plaintiff from further violations.